C. W. CLOUGH v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

February 9, 1923.

No. 23,307.

**Defective brakes on switch engine had no causal connection with accident.**
1. Plaintiff based his action on the claim that the accident resulted in consequence of defective brakes. The evidence fails to show that the defect in the brakes had any causal connection with the happening of the accident, and the court correctly rendered judgment for defendant.

**Judgment notwithstanding verdict proper.**
2. The case is not within the rule that judgment notwithstanding the verdict should not be granted, if it be probable that the plaintiff might recover on another trial.

Action in the district court for McLeod county to recover $25,-000 for injuries received while in defendant's employ. The case was tried before Tifft, J., who at the close of the evidence denied defendant's motion for a directed verdict, and a jury which returned a verdict for $9,833. Defendant's motion for judgment notwithstand-

[1]Reported in 191 N. W. 923.

ing the verdict was granted . From the judgment in favor of defendant for $310, plaintiff appealed.   Affirmed.

*Tom Davis* and *Ernest A. Michel,* for appellant.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for respondent.

TAYLOR, C.

This is an action for personal injuries in which the court rendered judgment for the defendant notwithstanding a verdict for the plaintiff.   Plaintiff appealed.

Plaintiff was a switchman in the yards of defendant at Sioux City, Iowa, and was engaged in interstate commerce at the time of the accident.   He based his right to recover on the claim that the accident resulted because the brakes on the switch engine in use at the time were defective.   There were 3 pairs of drive wheels under the locomotive and 4 pairs of ordinary wheels under the tender, all originally equipped with brakes.   The brakes on one pair of drive wheels had been removed for repairs.   The engineer testified that the others were in proper condition and gave all the brake power needed.   Plaintiff claimed that only those on the tender were in use. In the view we take of the matter, the extent to which the brake power had been reduced is immaterial.   There was a footboard across the front of the locomotive on which the switchmen rode in going from one point in the yard to another.   At the time in question, the crew had completed a switching movement and were returning to couple onto some cars standing on another sidetrack which they were to move next.   It was plaintiff's duty to throw the switch when they reached the sidetrack.   He rode on the footboard at the front of the locomotive.   According to his version of the accident, which for the purpose of this appeal we must take to be true, he gave the engineer a signal to stop when they were a few feet from the switch and the engineer came to a stop.   After the engine had stopped he stepped off the footboard in front of the engine, took 2 or 3 steps forward when the footboard caught his heel and doubled his foot between the footboard and the planking in the street which they were crossing.   The engine was brought to a stop before the footboard had passed over his foot.   Defendant's version of the

accident is that given by the engineer. He stated that as they approached the switch plaintiff gave an "easy" signal which meant to slow down; that he slowed down, shut off steam and allowed the engine to drift slowly forward while waiting for a stop signal; that plaintiff stepped down in front of the engine without giving a stop signal, and that he at once applied the brakes and brought the engine to a stop, and then on a signal from another switchman backed it enough to release plaintiff's foot.

Plaintiff rests his case on the claim that the engine came to a full stop before he stepped down from the footboard and then started forward again because the brakes were defective. There is evidence as to a low joint at or near the place of the accident, otherwise the track was level. There was nothing either in the situation or the evidence tending to show that after the engine had come to a stop brakes were necessary to keep it from starting again, or that it was possible for it to start without the application of power. Whether the accident happened as claimed by plaintiff or as claimed by defendant, there is no basis in the evidence for an inference that the deficiency in the brakes had any casual connection with it.

Plaintiff calls attention to the rule that judgment notwithstanding the verdict should not be granted, if it be probable that a cause of action could be established on another trial, and urges that the trial court erred in granting judgment against him, as he may have a cause of action on some other ground, if not on the ground alleged. This case is not within the rule.

Judgment affirmed.